. No. 53,844

STATE OF KANSAS, *Appellant,* v. JAMES C. BURKETT, SR., *Appellee.*

(648 P.2d 716)

Opinion filed July 16, 1982.

*John K. Bork,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Julia A. Craft,* legal intern, were with him on the brief for appellant.

*Clinton C. Marker,* of Topeka, argued the cause and *Bruce K. McAlister,* of Topeka, was with him on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This is a criminal case. The State appeals, pursuant to K.S.A. 22-3602(*b*)(1), from the trial court's dismissal of Count I of the second amended complaint.

The facts must be stated in some detail. Defendant James C. Burkett, Sr., was originally charged with the aggravated battery of Luanne Vohs, K.S.A. 21-3414, with a deadly weapon, to-wit: an automobile. Burkett was arrested in Alabama, waived extradition, and was returned to Kansas. Shortly before the preliminary hearing was to be held, plea negotiations resulted in a plea agreement. The defendant agreed to enter pleas of nolo contendere to charges of reckless driving, K.S.A. 8-1566, and failure to stop and remain at the scene of an injury accident, K.S.A. 8-1602. The State agreed that in return for the defendant's nolo contendere pleas it would (1) dismiss the felony charge, (2) request that the sentencing judge not impose incarceration as a penalty, and (3) remain silent

and not make a recommendation as to the amount of the fine to be imposed.

The State then filed a first amended complaint charging the two misdemeanors only; the defendant entered pleas of nolo contendere to both charges before a district magistrate judge in Jefferson County; the State recommended that no incarceration be imposed, and it did not suggest the amount of the fine. The judge requested a presentence report and, after it was received, imposed concurrent sentences: six months in the county jail for reckless driving, and one year for leaving the scene of an injury accident. (Counsel agree that the sentence imposed for reckless driving was erroneous, the maximum sentence of confinement for a first offense of reckless driving being ninety days, as provided by K.S.A. 8-1566.)

Defendant promptly filed a notice of appeal from the judgment of the district magistrate judge to the district judge. The State then filed a second amended complaint, charging Burkett with three offenses. Count I reasserted the original felony charge of aggravated battery; Counts II and III charged misdemeanors, reckless driving and leaving the scene of an injury accident.

The defendant moved to dismiss the second amended complaint or in the alternative to dismiss Count I, the felony charge. After the submission of briefs and oral argument, the district judge sustained the motion and dismissed Count I. In his oral ruling, the judge observed that the defendant had entered pleas of nolo contendere before the district magistrate judge as agreed; that he did not agree to accept whatever sentence was imposed; and that he has an absolute right to appeal to a district judge or to an associate district judge, and to have a trial de novo before such judge. The ruling was based upon *Blackledge v. Perry,* 417 U.S. 21, 40 L.Ed.2d 628, 94 S.Ct. 2098 (1974). The trial judge concluded that the State's assertion of a more serious charge in response to the defendant's exercise of his right of appeal constituted a violation of due process.

Under the facts of this case, the issue before us is whether the State may *reassert* the felony charge.

We will review the applicable statutes, then the applicable case law.

K.S.A. 22-3609a provides:

"(1) A defendant shall have the right to appeal from any judgment of a district

magistrate judge. The administrative judge shall be responsible for assigning a district judge or associate district judge for any such appeal. The appeal shall stay all further proceedings upon the judgment appealed from.

"(2) An appeal to a district judge or associate district judge shall be taken by filing a notice of appeal with the clerk of the court.   .   .   .

"(3) The clerk of the district court shall deliver the complaint, warrant and any appearance bond to the district judge or associate district judge to whom such appeal is assigned. The case shall be tried *de novo* before the assigned district judge or associate district judge."

### K.S.A. 22-3610 provides:

"When a case is appealed to the district court, such court shall hear and determine the cause *on the original complaint,* unless the complaint shall be found defective, in which case the court may order a new complaint to be filed and the case shall proceed as if the original complaint had not been set aside. The case shall be tried *de novo* in the district court." (Emphasis supplied.)

### K.S.A. 22-3611 provides:

"If upon appeal to the district court the defendant is convicted, the district court shall impose sentence upon him and render judgment against him for all costs in the case   .   .   .   ."

K.S.A. 22-3609a and K.S.A. 22-3610 were amended by 1982 Senate Bill 699, § 19 and 20. These amendments, however, did not change the portions of the statutes quoted above.

In *North Carolina v. Pearce,* 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072 (1969), Pearce had been convicted of a felony in a North Carolina trial court. Several years later, he successfully attacked the conviction and a new trial was ordered. He was retried, was again convicted, and was then sentenced to a longer total sentence than that which was originally imposed. The conviction and sentence were affirmed by the North Carolina Supreme Court. Pearce then filed a petition for habeas corpus in the United States District Court for the Eastern District of North Carolina. That court held that the longer sentence imposed upon retrial was unconstitutional and void. The Fourth Circuit affirmed. The Supreme Court also affirmed, holding that a due process violation may result when a more severe sentence is imposed on a defendant who is retried and convicted after successfully pursuing an appeal or otherwise attacking his original conviction and sentence. The court said:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may

unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." 395 U.S. at 725-26.

In *Blackledge v. Perry,* 417 U.S. 21, the *Pearce* principle was extended to prosecutors and the manner in which they conduct their affairs. Perry was charged with a misdemeanor in a North Carolina district court. He was convicted and given a six-month sentence. He then filed a notice of appeal to the Superior Court since, under North Carolina law, a person convicted in the district court has a right to a trial de novo in the Superior Court. The appeal automatically annuls the prior conviction and both the State and the defendant begin anew in the Superior Court. At this stage of the proceedings, the prosecutor obtained an indictment from a grand jury charging Perry with a felony based on the same conduct which was the subject of the misdemeanor charge. He entered a plea of guilty to the indictment and was sentenced to a term of five to seven years in the penitentiary. He later attacked this conviction through habeas corpus in the United States district court, which held that the bringing of the felony charge after the filing of the appeal violated his constitutional rights. The United States Supreme Court affirmed, holding that the bringing of the felony indictment violated Perry's right to due process. The court said:

"A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo,* without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration. Cf. *United States v. Jackson,* 390 U.S. 570.

"Due process of law requires that such a potential for vindictiveness must not enter into North Carolina's two-tiered appellate process. We hold, therefore, that it was not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial *de novo.*" 417 U.S. at 28-29.

The case before us is factually distinguishable from *Blackledge* in that the defendant herein was originally convicted on a bar-

gained nolo contendere plea to the misdemeanors; he had been charged initially with a felony.

Plea bargaining is a useful and necessary tool which the prosecutor may employ, in his or her discretion. The practice has been approved by the United States Supreme Court and by this court. See *Santobello v. New York*, 404 U.S. 257, 261, 30 L.Ed.2d 427, 92 S.Ct. 495 (1971), and *State v. Jackson*, 223 Kan. 554, 558, 575 P.2d 536 (1978).

In the case at hand, both the defendant and the State made certain concessions and received certain benefits. The defendant was assured that he would no longer be charged with a felony; the charge would be reduced. The State was assured of a conviction of two serious misdemeanors without the time and the expense of a felony trial. Both parties initially performed under the plea bargain as agreed. Upon the imposition of sentence, which was harsher than the defendant had anticipated, he filed notice of appeal to the district judge.

The quoted statute, K.S.A. 22-3609a, gives defendant this privilege as a matter of right. The effect of the appeal is to stay all further proceedings before the district magistrate judge. The case is to be tried de novo before the district judge or an associate district judge. The pleas entered before the district magistrate judge are automatically vacated; otherwise there would be no reason for a trial. The proceedings start afresh; arraignment must be held; new pleas must be entered; a jury may be demanded; and if conviction results, the judge must direct the disposition, whether by fine, sentence, suspension of sentence, probation or otherwise. The plea, conviction and disposition had before the district magistrate judge are subject to automatic vacation by the appeal; none remain.

A situation similar to that now before us was presented in *United States ex rel. Williams v. McMann*, 436 F.2d 103 (2d Cir. 1970), *cert. denied* 402 U.S. 914 (1971). In that case, decided after *Pearce* but before *Blackledge*, the court faced a situation where the accused and the state had entered into a plea agreement. Defendant Williams, originally charged with sale of heroin, pleaded guilty to an attempted sale and was sentenced to three to seven years. He sought and was granted permission to withdraw his guilty plea, and was later tried, convicted and sentenced to a term of five to ten years for the original offense charged, sale of

heroin. He attacked this sentence by habeas corpus in the federal courts, contending that the increased charge and sentence was violation of the *Pearce* principle. The district court denied relief and the Second Circuit affirmed. It said:

"Williams concedes that the original reduction from sale to attempted sale was the result of an express agreement with the prosecutor given in consideration of his plea of guilty. When Williams was successful in revoking his part of the bargain by having his plea of guilty set aside, it is hardly surprising, and scarcely suggestive of vindictiveness, that the district attorney in turn withdrew his consent to the reduced charge. Indeed, all that happened was that the prosecution was forced to proceed on the original charge . . . .

". . . . For us to hold that one in Williams's position may not be tried and sentenced upon the charge originally brought would encourage gamesmanship of a most offensive nature. Defendants would be rewarded for prevailing upon the prosecutor to accept a reduced charge and to recommend a lighter punishment in return for a guilty plea, when the defendant intended at the time he entered that plea to attack it at some future date. Although there is no suggestion in the record that Williams attempted this gambit, one way in which it might be achieved would be to plead guilty after a bargain has been struck with the prosecutor on the lesser charge and sentence. But, if the court after reading the defendant's probation report imposed a sentence higher than contemplated, the 'unbargained-for' longer sentence would then trigger proceedings to vacate the plea. Indeed, any reason the defendant could conceive for setting aside his plea and sentence would lose him little. If the defendant's argument were to prevail, then a trial on the lesser charge only could result. The defendant would thus run no risks by this maneuver for his trial could end in acquital, but if he should be convicted, he urges he could not receive a sentence greater than that imposed on the guilty plea to the lesser offense. This is nothing more than a "heads-I-win-tails-you-lose" gamble. To frustrate this strategy, prosecutors would be restrained from entering plea bargains, thereby adding further to the staggering burdens of our criminal courts. and judges would become more rigid in exercising their discretion in favor of permitting withdrawal of a guilty plea. This would hardly enhance the administration of criminal justice." 436 F.2d at 106-107.

Other cases follow a similar line of reasoning. Thus, in *United States v. Johnson,* 537 F.2d 1170 (4th Cir. 1976), where guilty pleas to two of four counts were later vacated, it was held to be no denial of due process to charge all four original counts on retrial; in *United States v. Anderson,* 514 F.2d 583 (7th Cir. 1975), where a plea-bargained guilty plea to a lesser charge was later challenged and withdrawn, it was held to be no denial of due process to then prosecute on the greater charge; and in *United States v. Williams,* 534 F.2d 119 (8th Cir. 1976), where a conviction on a bargained guilty plea to a lesser charge was reversed, no due process violation was found when the defendant was brought to

trial on the original charges. See also *Hawk v. Berkemer,* 610 F.2d 445 (6th Cir. 1979); *Hardwick v. Doolittle,* 558 F.2d 292 (5th Cir. 1977); and *Com. v. Ward,* 493 Pa. 115, 425 A.2d 401, *cert. denied* 451 U.S. 974 (1981). In *Bordenkircher v. Hayes,* 434 U.S. 357, 54 L.Ed.2d 604, 98 S.Ct. 663 (1978), the Court found that the Due Process Clause did not bar prosecution on the original indictment after the defendant refused a plea bargain offer to lesser charges. The Court observed:

"While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.' *Chaffin v. Stynchcombe, supra,* [412 U.S. 17] at 31. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty." 434 U.S. at 364.

See also *United States v. Goodwin,* _____ U.S. _____, 73 L.Ed.2d 74, 102 S.Ct. 2485 (decided June 18, 1982).

In the case now before us, both parties carried out their obligations under the agreement when the case was presented to the district magistrate judge. When the defendant appealed the matter to the district judge, however, the defendant's pleas of nolo contendere were automatically vacated. The effect was the same as if he had requested and had been granted leave to withdraw his nolo pleas.

The prosecutor then refiled the original felony charge, together with the misdemeanors. When the defendant is arraigned before the district judge, he may wish to plead nolo contendere again to the misdemeanor charges. If he does so, the plea arrangement will still be in effect and will be binding on both parties, and the State will be obligated to dismiss the felony charge. If, on the other hand, defendant does not plead nolo contendere to the misdemeanors, the defendant will have repudiated the plea agreement and the matter will go to trial on the original felony charge. Thus, a defendant who is convicted on a bargained guilty or nolo contendere plea before a district magistrate judge, and who is aggrieved by the sentence imposed, may appeal to a district or associate district judge and be sentenced anew without facing the original more serious charge, so long as he is willing to enter the bargained plea upon appeal. We note, however, that the district or

associate district judge is not limited by any lawful sentence imposed by the district magistrate judge, and in the absence of vindictiveness may impose any sentence prescribed for the offenses. See *State v. Parker,* 213 Kan. 229, 516 P.2d 153 (1973), and *State v. Eaton,* 213 Kan. 86, 89, 515 P.2d 807 (1973).

We see no indication of vindictiveness here; the prosecutor is merely reasserting the *original* felony charge. He has not filed new and more serious charges as a result of the defendant's appeal. To hold that the prosecutor may not do so would permit a defendant to secure the benefit of his plea bargain—reduced charges—and also to have a trial on those charges rather than to enter nolo contendere pleas as agreed. The State would lose the entire benefit of its bargain; it would realize no convictions, and it would face the time and expense of trial on the reduced charges. Defendant would have everything to gain and nothing to lose, the "heads-I-win-tails-you-lose" gamble described in *United States ex rel. William.*

We conclude that the State is not precluded from reasserting the original charges under either *Pearce* or *Blackledge,* and that the trial court erred in dismissing Count I of the second amended complaint.

The judgment is reversed, and the case is remanded for further proceedings in accordance with this opinion.