(990 P.2d 1240)

No. 82,524

CITY OF DODGE CITY, *Appellee*, v. KELLY G. FREY, *Appellant*.

Opinion filed October 15, 1999.

*Andrew L. Warren*, of Patton, Kerbs & Hess, of Dodge City, for appellant.

*Terry J. Malone*, of Williams, Strobel, Malone, Mason & Ralph, P.A., of Dodge City, for appellee.

Before RULON, P.J., ELLIOTT, J., and JOHN W. WHITE, District Judge, assigned.

RULON, J.: Defendant Kelly G. Frey appeals the district court's dismissal of his appeal from a municipal court conviction upon a guilty plea to the charge of driving under the influence. Defendant was sentenced to a $300 fine, 180 days in jail with 178 days suspended on the condition of outpatient treatment, and 1 year of probation. Defendant asserts K.S.A. 22-3609 allows him to appeal his guilty plea.

K.S.A. 22-3609(1) states: "The defendant shall have the right to appeal to the district court of the county from *any judgment* of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas." (Emphasis added.)

The issue before us is whether a guilty plea and sentence constitute a "judgment of a municipal court which adjudges the defendant guilty," and thus, is appealable under K.S.A. 22-3609(1).

K.S.A. 22-3602(a) states: "No appeal shall be taken by the defendant from a judgment of conviction before *a district judge* upon

a plea of guilty or nolo contendere." (Emphasis added.) The prohibition against appeals provided in K.S.A. 22-3602(a) does not apply to pleas accepted by a judge of a Kansas municipal court.

We conclude that the result of a court accepting a guilty plea is a judgment of such court and so, under K.S.A. 22-3609, a defendant has the right to appeal.

Reversed and remanded for further proceedings consistent with this opinion.