(181 P.3d 564)
No. 97,711

STATE OF KANSAS, *Appellee*, v. LEANDER D. GILLEN, *Appellant*.

Opinion filed April 18, 2008.

*Jeff Elder*, of Wamego, for appellant.

*Sherri Schuck*, county attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before MARQUARDT, P.J., MALONE, J., and BRAZIL, S.J.

BRAZIL, J.: Leander D. Gillen appeals a decision of the district court that it lacked jurisdiction to consider his appeal from a conviction before a district magistrate judge following a guilty plea. We reverse and remand.

On September 25, 2005, Gillen was a passenger in a vehicle stopped at a driving under the influence (DUI) checkpoint. Despite knowing the driver was not under the influence, all occupants were detained and ordered to exit the vehicle. Officers found marijuana in the vehicle. Gillen was charged with possession of marijuana and also possession of drug paraphernalia.

Through plea negotiations, Gillen agreed to plead guilty to possession of drug paraphernalia, a class A nonperson misdemeanor, in exchange for the State's agreement to dismiss the charge for possession of marijuana. A district magistrate judge accepted the

plea recommendations and sentenced Gillen to 12 months' supervised probation after suspending a 60-day sentence in the county jail.

Gillen appealed his conviction and sentence to the district court for a hearing de novo. On October 5, 2006, the district court conducted a hearing on Gillen's motion to suppress statements and evidence. On its own initiative, the district court stated that it had researched the procedural question of whether Gillen could appeal his conviction and sentence from the district magistrate judge following a plea. The district court answered this question in the negative, dismissed Gillen's appeal, and held that K.S.A. 22-3609a does not give a defendant the authority to appeal a conviction and sentence from a district magistrate judge when the same is the result of a plea entered pursuant to plea negotiations. The district court's rationale at the hearing was that appealing under K.S.A. 22-3609a provides a "remedy for a criminal defendant *aggrieved* by a judgment of a District Magistrate Judge" and that Gillen could not be aggrieved by a judgment on a plea that he voluntarily entered. (Emphasis added.)

Gillen filed a motion for reconsideration. The district court conducted a hearing on the motion and denied it. The district court held the Kansas statute involving guilty pleas, K.S.A. 22-3210, is the more specific statute in this situation than the statute involving appeals from district magistrate judges, K.S.A. 22-3909a, and that a defendant must file a motion to withdraw his or her plea before the magistrate in order to appeal to the district court. The court held:

"The Court finds that pursuant to the above statutory authority, the defendant is required to file a motion to set aside his plea in front of the District Magistrate Court, prior to being able to pursue an appeal to this Court from that Court's judgment. The defendant not having done so, the Court's order dismissing defendant's appeal from the District Magistrate Judge remains, and defendant's motion to reconsider the same is denied."

Gillen appeals.

Gillen argues he had a statutory right to appeal his conviction before the district magistrate judge. We agree.

The law in Kansas is clear that the right to an appeal and the procedure to be followed is strictly statutory in nature. *State v. Freeman*, 236 Kan. 274, 276, 689 P.2d 885 (1984). The district court in the case at bar interpreted K.S.A. 22-3609a(1) to include a requirement that the defendant be "aggrieved" from the judgment of the district magistrate judge in order to be allowed to appeal. The district court also held that after a plea and sentence before a district magistrate judge, a defendant must file a motion to withdraw the plea and obtain an adverse ruling prior to appealing the judgment of the district magistrate. These questions require statutory interpretation. Interpreting statutes involves resolution of questions of law over which an appellate court has unlimited review. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

Our appellate courts have stated the guidelines for statutory construction on many occasions. The primary rule is that the intent of the legislature governs if that intent can be ascertained. We presume the legislature expressed its intent through the statutory language. Ordinary words are given their ordinary meanings without adding something that is not readily found in the statute or eliminating that which is readily found therein. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007); *State v. McElroy*, 281 Kan. 256, 262, 130 P.3d 100 (2006).

K.S.A. 22-3609a(1) provides: "A defendant shall have the right to appeal any judgment of a district magistrate judge. . . . The appeal shall stay all further proceedings upon the judgment appealed from." K.S.A. 22-3610(a) provides: "When a case is appealed to the district court . . . [t]he case shall be tried *de novo* in the district court." De novo review of convictions from the magistrate judge to the district court encompasses a new trial on the convictions appealed from and is not limited to evidence and arguments raised to the magistrate. See *Reddington v. Rank*, 176 Kan. 484, 271 P.2d 807 (1954) (concerned appeal from municipal court to district court); see also *City of Halstead v. Mayfield*, 19 Kan. App. 2d 186, 865 P.2d 222 (1993) (applying rationale used in determining when a judgment is appealable from magistrate judge to appeals from municipal court).

An examination of Kansas jurisprudence in the area of appeals from magistrate judges and municipal courts reveals that decisions mainly center on the question of what constitutes a "judgment" from either of those judicial bodies. "Kansas courts have repeatedly defined a criminal 'judgment' as a pronouncement of guilt and the determination of the punishment." *State v. Remlinger*, 266 Kan. 103, 106, 968 P.2d 671 (1998). Cases also expressly hold that the difference in the wording relative to appealable judgments contained in K.S.A. 22-3609 (applicable to municipal court appeals) and K.S.A. 22-3609a (appeals from the district judge) amounted to "a distinction without a difference" as far as what judgments are appealable. See *Remlinger*, 266 Kan. at 107.

Our first conclusion is that Gillen clearly appeals from a judgment of the district magistrate judge pursuant to K.S.A. 22-3609a. *Cf. State v. Legero*, 278 Kan. 109, 111-16, 91 P.3d 1216 (2004) (majority concluded that a probation revocation order made by a magistrate judge was not appealable to the district court under 22-3609a). Gillen was convicted of possession of drug paraphernalia, a class A nonperson misdemeanor, and sentenced to 12 months' supervised probation. Gillen has a criminal judgment appealable to the district court. The district court would make this a limited right to appeal. We will not.

There are several recent Court of Appeals cases where the court discussed not so much the jurisdiction of the appeal from a magistrate or municipal court but the effect of the appeal on the magistrate's rulings or holdings. In *State v. Wright*, 26 Kan. App. 2d 879, Syl., 995 P.2d 416 (2000), the court held that a defendant is entitled to a jury upon appeal from a magistrate court to the district court even where a jury was previously provided in the initial trial before the magistrate judge. The de novo wording of K.S.A. 22-3609a was applied, and it was held both the facts and law were required to be determined in the second trial.

In *State v. Rose*, 29 Kan. App. 2d 355, 28 P.3d 431, *rev. denied* 272 Kan. 1422 (2001), the magistrate judge suppressed the result of the breath alcohol test in a DUI case, and the State did not appeal this ruling. Nevertheless, Rose was still found guilty of DUI and appealed to the district court for a trial de novo. The district

court refused to suppress the result of the breath alcohol test and found Rose guilty. Rose argued on appeal that the State's failure to appeal the magistrate judge's ruling suppressing the test results precluded the admission of the test before the district court. The *Rose* court disagreed and held the district judge was obligated to try the case de novo " 'as if it had not been heard before and as if no decision had been previously rendered.' " 29 Kan. App. 2d at 360.

The district court in the present case is attempting to limit the breadth of K.S.A. 22-3609a and the term "judgment" based upon the procedure by which a defendant is convicted, either a plea or jury conviction. The district court is relying on an inference from *State v. Burkett*, 231 Kan. 686, 648 P.2d 716 (1982), in concluding that a defendant must be "aggrieved" by the magistrate's judgment before an appeal to the district court will be permitted. In *Burkett*, the original complaint charged Burkett with a felony. Through plea bargaining, Burkett agreed to a plea of nolo contendere and the State agreed to dismiss the felony charge and file two misdemeanor charges, request no incarceration at sentencing, and to make no recommendation as to a fine. Burkett entered his nolo contendere plea to the two misdemeanors before a magistrate judge. The judge did not heed the State's recommendation of no jail time and imposed incarceration of 6 months and 1 year. Burkett appealed to the district judge. The State then filed a second amended complaint, charging defendant with the original felony and the two misdemeanors. The district judge dismissed the felony count, and the State appealed. The Supreme Court framed the issue as "whether the State may reassert the felony charge." 231 Kan. at 687.

The court focused on the effect of Burkett's appeal:

"The quoted statute, K.S.A. 22-3609a, gives defendant this privilege as a matter of right. The effect of the appeal is to stay all further proceedings before the district magistrate judge. The case is to be tried de novo before the district judge or an associate district judge. The pleas entered before the district magistrate judge are automatically vacated; otherwise there would be no reason for a trial. The proceedings start afresh; arraignment must be held; new pleas must be entered; a jury may be demanded; and if conviction results, the judge must direct the disposition, whether by fine, sentence, suspension of sentence, probation or

otherwise. The plea, conviction and disposition had before the district magistrate judge are subject to automatic vacation by the appeal; none remain." 231 Kan. at 690.

A recent Supreme Court case, *City of Wichita v. Maddox*, 271 Kan. 445, 24 P.3d 71 (2001), involved an appeal from a municipal court to the district court in a DUI case. The *Maddox* court held that a district court hearing on appeal from a municipal court does not have to rearraign the accused person on any of the charges and may properly hold the trial on the basis of the municipal court complaint. 271 Kan. at 454. There was no issue raised in *Maddox* as to the district court's jurisdiction despite the absence of an aggrieved defendant.

"The record is not crystal clear, but it appears Maddox entered into a nolo contendere plea to the DUI charge and after being found guilty, the four related traffic charges were dismissed. He was sentenced to 6 months and fined $782. Maddox then appealed the municipal court's findings and ruling to the district court." 271 Kan. at 446.

The district court's attempt to analogize this case with pleas entered in a district court criminal case is unpersuasive. Several statutory provisions apply to judgments resulting from pleas entered in district court. See K.S.A. 21-4721(c)(2) (the appellate court shall not review any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record); K.S.A. 22-3602(a), which states in relevant part:

"No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or *nolo contendere*, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 and amendments thereto."

For several reasons, these statutory restrictions are not applicable in the magistrate judge setting.

In *City of Dodge City v. Frey*, 26 Kan. App. 2d 559, 990 P.2d 1240 (1999), the court addressed this very issue in the context of an appeal from a municipal court judgment. The brevity in which the *Frey* court addressed the issue in the court's 2-page opinion is equally telling:

"Defendant Kelly G. Frey appeals the district court's dismissal of his appeal from a municipal court conviction upon a guilty plea to the charge of driving under the influence. Defendant was sentenced to a $300 fine, 180 days in jail with 178 days suspended on the condition of outpatient treatment, and 1 year of probation. Defendant asserts K.S.A. 22-3609 allows him to appeal his guilty plea.

"K.S.A. 22-3609(1) states: 'The defendant shall have the right to appeal to the district court of the county from *any judgment* of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas.' (Emphasis added.)

"The issue before us is whether a guilty plea and sentence constitute a 'judgment of a municipal court which adjudges the defendant guilty,' and thus, is appealable under K.S.A. 22-3609(1).

"K.S.A. 22-3602(a) states: 'No appeal shall be taken by the defendant from a judgment of conviction before *a district judge* upon a plea of guilty or nolo contendere.' (Emphasis added.) The prohibition against appeals provided in K.S.A. 22-3602(a) does not apply to pleas accepted by a judge of a Kansas municipal court.

"We conclude that the result of a court accepting a guilty plea is a judgment of such court and so, under K.S.A. 22-3609, a defendant has the right to appeal." 26 Kan. App. 2d at 559-60.

The court in *City of Liberal v. Vargas*, 28 Kan. App. 2d 867, 868, 24 P.3d 155, *rev. denied* 271 Kan. 1035 (2001), reaffirmed the *Frey* decision:

"We note at the outset a jurisdictional peculiarity. Vargas pled guilty in the municipal court, yet he appealed the merits of his case to the district court. However, the prohibition against appeals provided for in K.S.A. 22-3602(a) does not apply to pleas accepted by a judge of a Kansas municipal court. See *City of Dodge City v. Frey*, 26 Kan. App. 2d 559, 560, 990 P.2d 1240 (1999). Therefore, this court does have jurisdiction to consider this issue."

See also *City of Wichita v. Bannon*, 37 Kan. App. 2d 522, 154 P.3d 1170 (2007) (after pleading no contest and being found guilty in Wichita municipal court of criminal trespass and resisting a police officer, Bannon appealed to the Sedgwick County District Court).

An additional consideration is the lack of legal training/degree for a majority of district magistrate judges and their limited jurisdiction. See K.S.A. 20-337 (special requirements for district magistrate judges who are not admitted to the practice of law). Jurisdiction of district magistrate judges is also limited in the criminal context to "conduct the trial of traffic infractions, cigarette or tobacco infractions or misdemeanor charges, to conduct the prelim-

inary examination of felony charges and to hear felony arraignments." K.S.A. 20-302b. In light of these two considerations, it is understandable why appeals from district magistrate judges can be from "any judgment."

Justice Robert Miller recognized the unique position of district magistrate judges in his concurring opinion in *State v. Cremer*, 234 Kan. 594, 603-04, 676 P.2d 59 (1984):

> "We have some eighty nonlawyer district magistrate judges in Kansas. These are fine, conscientious people, and an asset to the Kansas judicial system; but they have but minimal legal training. We do give them instruction, provide them with manuals and—as the majority noted—we require all new district magistrate judges to take and pass an examination on the law and be certified as qualified before they may continue to serve. They have, at most, one or two hours of instruction on the laws of evidence. The majority believes that the magistrates 'can apply the statutory rules of evidence without great difficulty.' "

We are also not convinced that a defendant must file a motion to withdraw his or her plea before the district magistrate judge prior to an appeal in district court. The district court's analysis in this regard is simply an extension of the "aggrieved" nature of the appeal. There is certainly no express requirement in K.S.A. 22-3609a requiring a motion to withdraw a plea, nor will we read such a requirement into the statute. We leave the addition of statutory language to the legislature. Additionally, K.S.A. 22-3210 is not the more specific statute in this situation where the case involves an appeal from a district magistrate judge, not the withdrawal of a plea. Further, based on the current state of the law in *Legero*, it is not clear whether Gillen would have a right to appeal the denial of a motion to withdraw a plea. See *Legero*, 278 Kan. 109, Syl. ¶ 5 (probation revocation order made by a magistrate judge was not appealable to the district court).

The underlying fact in this case is that if a criminal defendant decides to appeal the judgment of a district magistrate judge, the right to appeal the judgment is unlimited pursuant to K.S.A. 22-3609a. After a timely appeal to the district court, the events and proceedings before the district magistrate judge are of no consequence. The court in *Legero* stated: "The proceedings in the magistrate court have no bearing on the case as it comes before the

district court. *Unless the appeal is dismissed, the proceedings held in the magistrate court leave no footprint.*" (Emphasis added.) 278 Kan. at 114.

The district court erred in this case in determining that it had no jurisdiction when, in fact, it could properly consider Gillen's appeal from a judgment of the district magistrate judge. From the clear statutory language and the reasons cited above, there is no requirement that a defendant be "aggrieved" before he or she can appeal the judgment of a district magistrate judge. Gillen's appeal starts the case anew in district court.

Reversed and remanded with directions.