No. 56,878

CITY OF BONNER SPRINGS, KANSAS, *Appellant*, v. LEONARD HILL BEY, *Appellee.*

(694 P.2d 477)

Opinion filed January 26, 1985.

*Thomas E. Osborn*, of Kansas City, argued the cause and was on the brief for the appellant.

*Leonard Hill Bey* argued pro se.

The opinion of the court was delivered by

HERD, J.: This is an appeal by the City of Bonner Springs, Kansas, pursuant to K.S.A. 22-3602, on a question reserved from the dismissal of its action charging Leonard Hill Bey with possession of marijuana.

On October 31, 1983, Leonard Hill Bey was involved in an automobile accident in Bonner Springs, Kansas. At that time it was learned there was a warrant for his arrest out of Kansas City, Kansas, for failure to pay a parking ticket. He was not arrested on the warrant at the time of the accident because he was injured and was taken to the hospital.

On November 5, 1983, Bey flagged down the Bonner Springs police officer who had written up his October 31, 1983, automobile accident, in order to ask her some questions. The police officer, Carol Burns, asked Bey if there was still a warrant out for his arrest. He indicated he had no knowledge of any warrants against him.

The officer then contacted the Wyandotte County Dispatcher to confirm the existence of a valid warrant for Leonard Hill Bey's arrest. The dispatcher responded there was an arrest warrant from Kansas City, Kansas, and the Kansas City police wanted Bey held in Bonner Springs on the warrant. Pursuant to these instructions, the officer placed Bey under arrest. She then searched him for weapons. During the search she discovered a plastic bag containing green vegetation and a hand-rolled cigarette contain-

ing the same substance. The vegetation was later identified as marijuana.

The appellee was charged with possession of marijuana in violation of the Bonner Springs Municipal Code, BS MC 17-17. He was convicted of the charge in Bonner Springs Municipal Court and appealed to the district court.

The district court dismissed the action due to the failure of the City to introduce evidence showing Kansas City, Kansas, had notified defendant of the outstanding warrant against him.

The City appeals the dismissal pursuant to K.S.A. 22-3602(b) on a question reserved. Appellant argues the trial court erred in dismissing the case based upon the prosecution's failure to prove the defendant was given notice of the warrant. Appellant contends its police officer had a statutory right to arrest the defendant once it was established there was a warrant issued for his arrest, regardless of the warrant's validity. The statutes relied upon by appellant are K.S.A. 12-4212 and 22-2401(b). K.S.A. 12-4212 states:

"A law enforcement officer may arrest a person when:

. . . .

(b) the law enforcement officer has no warrant, but a warrant for the person's arrest has been issued by a municipal court in this state."

K.S.A. 22-2401 states:

"A law enforcement officer may arrest a person when:

(b) He has probable cause to believe that a warrant for the person's arrest has been issued in this state or in another jurisdiction for a felony committed therein."

Upon defendant's arrest pursuant to these statutes, the police officer proceeded to make a customary search for weapons. This search uncovered defendant's illegal possession of a controlled substance. The City contends the charge stemming from this possession does not involve the validity of the Kansas City, Kansas, arrest warrant, except to the extent that the warrant precipitated the search. Appellant is correct. The validity of the warrant on the other charge does not affect the arrest itself. The prosecution must merely prove the police officer determined a warrant for the individual's arrest had been issued by a municipal court in this state, pursuant to K.S.A. 12-4212, or that the officer had probable cause to believe a warrant for the individ-

ual's arrest had been issued in this state or in another jurisdiction for a felony committed therein, pursuant to K.S.A. 22-2401(b).

Thus, the trial court erred in dismissing the case due to the City's failure to prove the Kansas City, Kansas, warrant was valid.

We note, however, that jeopardy has attached in this case pursuant to K.S.A. 21-3108. Hence, the double jeopardy clause of the Fifth Amendment bars further proceedings against the defendant in this case.

The appeal of the City on the question reserved is sustained.