(995 P.2d 416)

No. 81,209

STATE OF KANSAS, *Appellee*, v. DAVID LYNN WRIGHT, *Appellant*.

—

Opinion filed January 14, 2000.

*Charles A. Peckham*, of Brown, Creighton & Peckham, of Atwood, for appellant.

*Kari Milliken*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before JUSTICE ALLEGRUCCI, presiding, STEVE LEBEN, District Judge, assigned, and NELSON E. TOBUREN, District Judge, assigned.

LEBEN, J.: This case presents the question of whether a criminal defendant is entitled to a jury trial in a trial de novo before a district judge when a jury trial was previously afforded in a trial before a district magistrate judge. We answer in the affirmative and remand for a jury trial before a district judge.

The defendant, David Lynn Wright, was convicted in a trial before a magistrate judge of disturbing the peace, battery of a law enforcement officer, obstruction of legal process, fleeing and eluding, reckless driving, and running a stop sign. About 3 weeks before trial, the defendant requested a jury trial. The magistrate judge proceeded to try the case with a jury, and the defendant was convicted.

The defendant then properly appealed the decision to the district court pursuant to K.S.A. 1998 Supp. 22-3609a. Under that statute, "[t]he case shall be tried *de novo* before the assigned district judge." The assigned judge ruled that he would review only

the legal rulings made by the magistrate judge, deferring to the factual conclusions made by the jury. Wright appeals, contending that he was entitled to a complete new trial on the facts and law, with a jury, before the district judge. We agree.

When a statute provides for review of a magistrate judge's decision de novo by a district judge, the matter is to be tried before the district judge just as if no trial had initially been had before the magistrate. *In re K.J.*, 242 Kan. 418, 419, 748 P.2d 419 (1988). This is the very definition of a de novo trial, as Black's Law Dictionary attests: "Trying a matter anew; the same as if it had not been heard before and as if no decision had been previously rendered." Black's Law Dictionary 435 (6th ed. 1990). When the legislature wants to have some form of "on the record" review performed by the district court, it may—and must—explicitly say so. See *In re J.H.*, 25 Kan. App. 2d 372, 962 P.2d 1127 (1998). See also K.S.A. 1998 Supp. 20-302b(c) (appeal from final order of magistrate judge "shall be tried and determined *de novo* by a district judge").

The State argues—and the trial court ruled—that Wright's jury trial rights had been met when he was provided a jury trial before the magistrate. However, this ignores the statutory mandate that the trial be conducted de novo. That cannot be accomplished unless the facts and the law are determined in the de novo trial, and Wright is entitled to have a jury determine the facts.

In our experience, the question presented here is usually avoided by the common practice in many judicial districts of automatically reassigning a case from a magistrate to a district judge upon a request for jury trial having been made. There does not appear to be anything in the statutes to preclude the empaneling of a jury in a trial presided over by a magistrate. However, as this case makes clear, there is the possibility in such a case that a second jury trial will need to be held before a district judge under the statutory scheme.

Two other issues presented on the appeal must be decided. First, Wright contends that the city police officer was without authority to use a uniform notice to appear requiring Wright's appearance in the district court. Second, Wright contends that his statutory speedy trial right has been violated. Because we find no merit to

these arguments, the case will be remanded for jury trial before the district court.

Wright's argument that a city police officer cannot require his appearance in a district court rests on the misconception that the city officer has no status greater than a private citizen when attempting to enforce state laws. Here, the uniformed officer observed the violations and cited Wright within the city limits for the violations. He then issued a uniform notice to appear, requiring Wright's appearance in the district court of that county.

A uniform notice to appear may serve as a valid complaint. K.S.A. 1998 Supp. 8-2106; *State v. Boyle*, 21 Kan. App. 2d 944, 945, 913 P.2d 617 (1996). The city and state have concurrent jurisdiction for offenses that constitute violations of a city ordinance and a state statute. *State v. Frazier*, 12 Kan. App. 2d 164, 736 P.2d 956 (1987). K.S.A. 22-2408 allows law enforcement officers, which includes city police officers, K.S.A. 22-2202(13), to serve a written notice to appear. "The place specified in such notice to appear must be before some court within the county in which the crime is alleged to have been committed which has jurisdiction of such crime." K.S.A. 22-2408(3). There are no statutes precluding a city police officer from ordering a party to appear in district court.

Wright filed his motion to dismiss on speedy trial grounds on December 3, 1997, 219 days after he filed his April 28, 1997, notice of appeal from the jury verdict before the magistrate. The motion was ultimately dismissed on April 14, 1998, when the district court both reviewed the magistrate's legal rulings from the initial trial and ruled on the speedy trial motion. Thus, the district court ruled on this motion and the entire case almost 1 year after the jury convictions, which occurred on April 21, 1997.

The statutory right to a speedy trial applies in de novo appeals from a district magistrate judge to a district judge pursuant to K.S.A. 22-3402. In cases in which a trial de novo is available following an initial trial, K.S.A. 22-3402 requires that the defendant be brought to trial within 180 days of docketing of the appeal in the court before which the de novo trial will occur. See *City of Overland Park v. Fricke*, 226 Kan. 496, 601 P.2d 1130 (1979) (in appeal from municipal court to district court, time period of K.S.A.

22-3402 commences on docketing of appeal in district court). Here, then, the 180-day period began to run on April 28, 1997, when Wright filed his appeal to the district court. Unless the delay is excused for some valid reason, the 180-day time period would have expired on October 25, 1997.

The State contends the delay was a result of Wright's request for a jury trial and the delay in getting the transcript. A transcript of the magistrate jury trial was required based on the district judge's ruling that he would review only the legal rulings made by the magistrate, which necessitated a transcript of the earlier proceedings. The district court agreed with the State's contention and denied the motion.

Before setting a hearing on the merits of the case, the district judge had to wrestle with the second jury trial issue. Wright filed his motion for a jury trial before the district court on May 13, 1997. That motion was ruled upon 57 days later, on July 9, 1997, but the trial court's ruling—that a jury would not be provided in the second trial, but that a transcript of the original trial needed to be prepared to review the magistrate's legal rulings—signaled further delay to prepare and review that record. Delays that are the result of the application or fault of the defendant are not to be counted in computing the time period. *State v. Prewett*, 246 Kan. 39, 785 P.2d 956 (1990). Delay caused by a defendant filing motions has been chargeable to defendant when such motions would cause a conceivable delay. Here, it was conceivable Wright's motion for a jury trial would result in a delay because it presented a novel issue regarding entitlement to a second jury trial under de novo review. That the trial judge's ruling on that issue was in error does not change the analysis for the purpose of determining whether the defendant's speedy trial rights have been violated. Thus, the delay resulting from this motion, which includes both the 57-day period between filing and deciding of the motion for jury trial and a substantial portion of the time thereafter that was required for preparation of the transcript and review of the magistrate's rulings and the sufficiency of the evidence, is chargeable to Wright.

Adding just the 57-day period would take the deadline to December 21, 1997. Wright filed his motion to dismiss on speedy trial grounds on December 3, 1997.

After the motion to dismiss on speedy trial grounds was filed, Wright filed for several continuances and changed attorneys. Wright's latest continuance was requested as late as March 25, 1998. Therefore, much of the delay after the filing of the motion to dismiss also is chargeable to Wright. We find no violation of his statutory right to a speedy trial.

The remaining issues briefed by the parties are moot in light of our ruling that Wright is entitled to a new trial.

Reversed and remanded for jury trial.