(28 P.3d 431)

No. 85,730

STATE OF KANSAS, *Appellee*, v. GARY L. ROSE, *Appellant*.

Opinion filed July 20, 2001.

*Matthew B. Lynch*, of Megaffin, Brown & Lynch, Chtd., of Pratt, for appellant.

*Thomas V. Black*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, C.J., LEWIS, J., and WAHL, S.J.

WAHL, J.: Gary L. Rose appeals his conviction of driving while under the influence of alcohol. On appeal, Rose argues that the district court erred in admitting the results of his breath alcohol test because the State failed to appeal an order of the district magistrate judge suppressing the results of the test.

On January 1, 2000, a Kansas Highway Patrol trooper observed a vehicle crossing the highway center line in a zig-zag course. The trooper stopped the vehicle and contacted the driver, Gary L. Rose. The trooper detected an odor of alcohol emanating from Rose's vehicle. The trooper also observed that Rose's eyes were bloodshot and that his actions were slow in obtaining his driver's license. Rose admitted that he had drunk whiskey that evening. When Rose got out of his vehicle at the trooper's request, he lost his balance and fell back into the car door. After conducting a series of field sobriety tests, the trooper concluded that Rose was under the influence of alcohol and was too impaired to drive.

The trooper arrested Rose for driving while under the influence of alcohol. Rose agreed to submit to a breath alcohol test on an Intoxilyzer 5000. When Rose blew into the machine, it did not appear to be getting a sample of Rose's breath. A deputy then pinched the hose on the machine tighter around the plastic tip of the mouthpiece into which Rose was blowing. Then, the Intoxilyzer 5000 test indicated that Rose had .145 grams of alcohol per 210 liters of breath, which exceeded the legal limit of .08 grams.

Rose was charged with driving while under the influence of alcohol. In a hearing before the magistrate judge, Rose moved to suppress the results of the breath alcohol test based on the irregularity of the testing procedure. The magistrate judge granted the motion to suppress. The State did not appeal this ruling. Rose was convicted by the district magistrate judge and appealed.

The district court heard Rose's appeal de novo. During trial, the State presented evidence of the breath alcohol test results over Rose's objection. The trial court found that the State failed to establish a per se violation of K.S.A. 2000 Supp. 8-1567, *i.e.*, alcohol concentration in defendant's breath of .08 grams or more. The district court also found that the evidence was inadequate to support Rose's conviction without the disputed breath test results. Nevertheless, after considering both the breath alcohol test results and the trooper's observations, the district court determined that the State established that Rose was driving while impaired. Rose appeals.

The sole issue presented on appeal is whether the district court erred in admitting the results of the breath alcohol test after the State failed to appeal an order of the district magistrate judge suppressing the results of the breath test. Resolution of this issue requires an interpretation of K.S.A. 2000 Supp. 22-3602(d) and K.S.A. 2000 Supp. 22-3609a. Statutory interpretation is a question of law, and this court's review is unlimited. *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998); *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

Rose argues that the district magistrate judge's order suppressing the results of the breath alcohol test was appealable by the State. K.S.A. 2000 Supp. 22-3602(d) provides: "Appeals to a district judge may be taken by the prosecution from cases before a district magistrate judge as a matter of right . . . from orders enumerated in K.S.A. 22-3603 and amendments thereto." K.S.A. 22-3603 provides:

"When a judge of the district court, prior to the commencement of a trial of a criminal action, makes an order . . . suppressing evidence . . . an appeal may be taken by the prosecution from such order if notice of appeal is filed within ten (10) days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal."

Rather than appealing the district magistrate judge's decision pursuant to K.S.A. 2000 Supp. 22-3602(d) and K.S.A. 22-3603, the State chose to try Rose for driving while under the influence of alcohol without the results of the breath alcohol test. Rose was tried and convicted by the district magistrate judge of driving while under the influence of alcohol and appealed his conviction pursuant to K.S.A. 2000 Supp. 22-3609a. Subsection (3) of the statute mandates that "[t]he case shall be tried de novo before the assigned district judge."

Rose argues that because the State did not appeal the district magistrate judge's order suppressing the breath test, that order became the law of the case and the State is bound by that ruling on the subsequent appeal.

The State argues that because K.S.A. 2000 Supp. 3609a(3) provides for trial on appeal to be conducted de novo, any decision made by the magistrate judge concerning either the law or the facts

of the case was not binding on the district court, citing *State v. Wright*, 26 Kan. App. 2d 879, 880, 995 P.2d 416 (2000). *Wright* held that "[w]hen a statute provides for review of a magistrate judge's decision de novo by a district judge, the matter is to be tried before the district judge just as if no trial had initially been had before the magistrate." 26 Kan. App. 2d at 880. *Wright* further held that trial of a case de novo before a district judge "requires that both the facts and the law be determined in the de novo trial." 26 Kan. App. 2d 879, Syl.

It is necessary that we consider K.S.A. 22-3610(a), which mandates:

"When a case is appealed to the district court, such court shall hear and determine the cause *on the original complaint*, unless the complaint shall be found defective, in which case the court may order a new complaint to be filed and the case shall proceed as if the original complaint had not been set aside. The case shall be tried *de novo* in the district court." (Emphasis added.)

It is a basic tenant of Kansas law that appellate procedure is totally statutory. *State v. Freeman*, 236 Kan. 274, 276, 689 P.2d 885 (1984). The intent of the legislature is of paramount consideration. *In re Marriage of Killman*, 264 Kan. 33, 42, 955 P.2d 1228 (1998).

Rose cites *State v. Finical*, 254 Kan. 529, 532, 867 P.2d 322 (1994), to support his argument that because the State did not appeal the magistrate judge's order suppressing the results of the breath test, that order became the law of the case and binding on the district judge on appeal. But *Finical* is not on point. *Finical* involves grand jury indictments and a district judge's orders dismissing the indictments. It does not consider appeals to the district judge from a magistrate judge.

Black's Law Dictionary 392 (5th ed. 1979), defines a de novo trial as "[t]rying a matter anew; the same as if it had not been heard before and as if no decision had been previously rendered." The magistrate judge is a judge of limited jurisdiction, and it is wholly illogical that his or her order should bind the general jurisdiction of the district judge. Such a holding would effectively negate a de novo trial before the district judge.

The prosecution has no right of appeal from a magistrate judge's finding of not guilty. The right of appeal granted the prosecution by K.S.A. 2000 Supp. 22-3602(d) and K.S.A. 22-3603 from a magistrate judge's order suppressing evidence would be an important right if the suppressed evidence were essential to the prosecution's case. Here, it was not crucial, and the prosecution elected to proceed to trial without the breath test results. That the State could have taken an interlocutory appeal from the suppression order of the magistrate judge is of no consequence under the facts of this case.

*State v. Burkett*, 231 Kan. 686, 648 P.2d 716 (1982), considered an appeal from the district magistrate judge to the district judge. The original complaint charged Burkett with a felony. Through plea bargaining, Burkett agreed to a plea of nolo contendere and the State agreed to dismiss the felony charge and file two misdemeanor charges, request no incarceration at sentencing, and to make no recommendation as to a fine. Burkett entered his nolo plea to the two misdemeanors before a magistrate judge. The judge did not heed the State's recommendation of no jail time and imposed incarceration of 6 months and 1 year. Burkett appealed to the district judge. The State then filed a second amended complaint charging defendant with the original felony and the two misdemeanors. The district judge dismissed the felony count, and the State appealed.

The Supreme Court stated: "[T]he issue before us is whether the State may *reassert* the felony charge." 231 Kan. at 687.

The court, in considering the effect of an appeal from a magistrate judge held:

"The effect of the appeal is to stay all further proceedings before the district magistrate judge. The case is to be tried de novo before the district judge. . . . The pleas entered before the district magistrate judge are automatically vacated; otherwise there would be no reason for a trial. The proceedings start afresh; . . . The plea, conviction and disposition had before the district magistrate judge are subject to automatic vacation by the appeal; none remain." *Burkett*, 231 Kan. at 690.

When Rose appealed his conviction before the magistrate judge, it became the obligation of the district judge to try the case de

novo, "as if it had not been heard before and as if no decision had been previously rendered." *Wright,* 26 Kan. App. 2d at 880. The appeal by Rose automatically vacated all orders entered by the magistrate judge. The district judge had to determine both the facts and the law in the de novo trial. *Wright,* 26 Kan. App. 2d 879, Syl.

Although some of the trial judge's comments made in finding Rose guilty are not fully discernible to this court, we have no problem in finding adequate evidence to support Rose's conviction or in finding the court did not err in admitting the Intoxilyzer 5000 test results.

Affirmed.