(85 P.3d 724)

No. 90,166

CITY OF SALINA, KANSAS, *Appellant,* v. JOHN LEROY AMADOR, *Appellee.*

Opinion filed March 12, 2004.

*Jennifer Wyatt,* city prosecutor, of Salina, for appellant.

*Julie McKenna,* of McKenna & Trocheck, of Salina, for appellee.

Before RULON, C.J., ELLIOTT and MALONE, JJ.

MALONE, J.: The City of Salina (City) appeals the district court's dismissal of criminal charges against John Leroy Amador based upon a double jeopardy violation. We reverse, concluding that Amador's double jeopardy rights were not violated.

Amador was convicted of battery and criminal damage to property in Salina Municipal Court on November 8, 2001. He appealed his conviction to the district court and a trial de novo was scheduled

for January 28, 2002. On the day of the trial, the City was not ready to proceed because three witnesses it believed were necessary to prove the charges were not present. The district court denied the City's request for a continuance and granted Amador's motion to dismiss the charges *without prejudice* for failure to prosecute the case.

The City refiled the case in Salina Municipal Court on April 5, 2002. Amador was again convicted of battery and criminal damage to property by the municipal court. Amador appealed this conviction to the district court and filed a motion to dismiss, claiming that jeopardy had attached in the first proceeding and that he could not be prosecuted again on the same charges.

The district court agreed and dismissed the case. The district court reasoned the City should have appealed the original dismissal without prejudice to the Court of Appeals. Since the City failed to do so, the district court concluded that Amador's second prosecution in municipal court violated his double jeopardy rights.

The City timely appealed.

"Whether a retrial is barred due to double jeopardy is a question of law subject to de novo review. [Citation omitted.]" *In re Habeas Corpus Petition of Minnis*, 29 Kan. App. 2d 644, 646, 29 P.3d 462 (2001), *rev. denied* 273 Kan. 1035 (2002).

Both the Fifth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill of Rights prohibit a criminal defendant from being placed in jeopardy twice for the same offense.

"The Double Jeopardy Clause of the United States Constitution provides three different types of protection for a person charged with a crime. Double jeopardy protection shields an accused from: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Mertz*, 258 Kan. 745, Syl. ¶ 3, 907 P.2d 847 (1995).

Kansas has codified the protection against double jeopardy. K.S.A. 21-3108(1)(a) states:

"(1) A prosecution is barred if the defendant was formerly prosecuted for the same crime, based upon the same facts, if such former prosecution:

(a) Resulted in either a conviction or an acquittal or in a determination that the evidence was insufficient to warrant a conviction . . . ."

Amador argues, and the district court agreed, that procedurally the City was required to appeal the district court's original dismissal of the case to the Court of Appeals. Amador contends the process is governed by K.S.A. 2003 Supp. 22-3602(b)(1), which states:

"(b) Appeals to the court of appeals may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others:
(1) From an order dismissing a complaint, information or indictment . . . ."

Amador further contends that since the City failed to follow proper appellate procedure, the refiling of the charges against him in municipal court violated the prohibition against double jeopardy.

However, while K.S.A. 2003 Supp. 22-3602(b)(1) provides that a district court's decision to dismiss a complaint *may* be appealed to the Court of Appeals, nothing in its language indicates that an appeal to the Court of Appeals was the City's only option. Further, the plain language of the statute does not prohibit the City from refiling its complaint in municipal court instead of appealing to the Court of Appeals.

The City makes a statutory argument that Amador's double jeopardy rights were not violated. The City relies on K.S.A. 21-3108(4)(c), which states:

"(4) A prosecution is not barred under this section:
. . . .
(c) If subsequent proceedings resulted in the invalidation, setting aside, reversal or vacating of the conviction, unless the defendant was adjudged not guilty."

The City argues that Amador's decision to appeal his original municipal court conviction and seek a trial de novo in district court had the effect of invalidating or setting aside the conviction. The City argues, therefore, that the second prosecution in municipal court was permissible.

It is true that Amador's original municipal court conviction was stayed when he filed an appeal for a trial de novo in district court. See K.S.A. 12-4601 (stating that an appeal taken to the district court stays all further proceedings upon the judgment appealed from). That stay of conviction allowed the City to prosecute Ama-

dor again in district court without violating the prohibition against double jeopardy. However, further analysis is necessary to support the City's contention that it was permissible to prosecute Amador again in municipal court after the first case was dismissed in district court without prejudice.

In *City of Bonner Springs v. Bey*, 236 Kan. 661, 694 P.2d 477 (1985), the defendant was convicted of possession of marijuana at the municipal court level and appealed to the district court. After hearing evidence, the district court dismissed the action due to the City's failure to introduce evidence that the City had notified defendant of the outstanding warrant against him. The City appealed the dismissal. The Kansas Supreme Court found that the trial court had erred in dismissing the case, but found that since jeopardy had attached in district court, double jeopardy prohibited further proceedings against the defendant. 236 Kan. at 662-63.

In a bench trial, jeopardy attaches when the first witness is sworn. K.S.A. 21-3108(1)(c); *State v. Beerbower*, 262 Kan. 248, 255, 936 P.2d 248 (1997). While witnesses were sworn and evidence was heard against Amador in both municipal court trials, no evidence was presented before the district court in this case. This fact distinguishes the present case from *Bey*.

In *State v. Rose*, 29 Kan. App. 2d 355, 28 P.3d 431, *rev. denied* 272 Kan. 1422 (2001), the defendant was charged with driving under the influence of alcohol. A magistrate judge suppressed the results of the breath alcohol test. The State did not appeal this ruling. However, the defendant was still found guilty in a trial before the magistrate judge. The defendant appealed to district court for a trial de novo. The district court refused to suppress the results of the breath alcohol test. The defendant was found guilty in district court and appealed to the Court of Appeals.

The court held that the State was not required to appeal the magistrate judge's ruling suppressing the results of the breath alcohol test and instead could elect to proceed to trial without the evidence. *Rose*, 29 Kan. App. 2d at 359. The court further held that the appeal by the defendant to the district court automatically vacated all prior orders so that the district court was not bound by the magistrate judge's suppression of the evidence. 29 Kan. App.

2d at 359-60. The court reasoned that it became the district court's obligation to hear the case de novo, " 'as if it had not been heard before and as if no decision had been previously rendered.' [Citation omitted.]" 29 Kan. App. 2d at 359-60; see also *State v. Burkett*, 231 Kan. 686, Syl. ¶ 1, 648 P.2d 716 (1982) (an appeal by a defendant in a criminal case from a district magistrate judge to the district judge automatically vacates the plea, judgment of conviction, and disposition before the district magistrate judge).

*Rose* and *Burkett* establish that an appeal from a magistrate judge for a trial de novo in district court vacates the judgment of the magistrate judge. Because of the similarities of procedure involved in an appeal from municipal court to district court, we conclude that Amador's first conviction by the municipal court was vacated when he appealed to district court for a trial de novo.

Furthermore, the district court's original dismissal of the charges against Amador was granted *without prejudice*. In a case involving the voluntary dismissal of charges by the prosecutor, the court held that the dismissal of a case without prejudice does not " 'prejudice a fresh prosecution on a new information charging the identical offense set forth in the prior information.' " *State v. Heigele*, 14 Kan. App. 2d 286, 288, 789 P.2d 218 (1990) (quoting *State v. Rowland*, 172 Kan. 224, 227-28, 239 P.2d 949 [1952]). "As generally understood, the phrase 'without prejudice' means " 'there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as though no suit had ever been brought.' " [Citation omitted.]" 14 Kan. App. 2d at 288.

Here, Amador appealed his municipal court conviction for a trial de novo in district court. Consequently, the municipal court conviction was vacated. The district court dismissed the case without prejudice and without hearing any evidence on the merits of the charges. The City was not required to appeal the dismissal to the Court of Appeals. Furthermore, jeopardy never attached at the district court level because no evidence was heard or witness sworn. Therefore, after the first case was dismissed without prejudice, the City was not barred from bringing a subsequent case against Amador for the same offenses in municipal court. *The sub-*

sequent prosecution was not a violation of Amador's double jeopardy rights.

The district court erred in dismissing the City's complaint as a violation of double jeopardy. This case is remanded to the district court with directions to set aside the order dismissing the case based upon the claimed double jeopardy violation.

Reversed and remanded.