No. 91,635

STATE OF KANSAS, *Appellee*, v. DANIEL G. HANSON, *Appellant*.
(124 P.3d 486)

Opinion filed December 16, 2005.

*James L. Sweet*, of Sweet & Sheahon, of Salina, argued the cause and was on the brief for appellant.

*Darrell E. Miller*, county attorney, argued the cause, and *Phill Kline*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Daniel Hanson was found guilty by a district magistrate judge of driving under the influence of alcohol in violation of K.S.A. 8-1567(a). Hanson appealed to a district judge, who

granted Hanson's motion to arrest the judgment and dismissed the case without prejudice. When the State refiled the charge, defendant filed a motion to dismiss based on double jeopardy. The motion was denied and defendant was convicted by the district judge. Hanson appealed. The Court of Appeals affirmed in a split, unpublished opinion. This court granted Hanson's petition for review.

The sole issue on appeal is whether Hanson's double jeopardy rights were violated by the subsequent prosecution.

Hanson accepts the facts stated by the Court of Appeals as accurate and complete. The following statement of facts is drawn from the Court of Appeals' majority and dissenting opinions:

On May 7, 2002, Hanson was charged with one count of DUI with alternative methods of committing the offense that corresponded to K.S.A. 8-1567(a)(1) and (2). The first complaint states:

"That on or about April 7, 2002, the above named defendant, within the above named County in the State of Kansas, then and there being, did then and there contrary to the statutes of the State of Kansas unlawfully and intentionally operate or attempt to operate a motor vehicle while under the influence of alcohol, or while sustaining an alcohol concentration of at least 0.08 grams of alcohol per 210 liters of breath/100 milliliters of blood at the time or within two hours thereafter."

The case was heard at a bench trial before a district magistrate judge. Although the State presented evidence with respect to Hanson's prosecution under the alcohol concentration alternatives, the State conceded before submitting its case to the court that it could not show that the alcohol concentration was measured within 2 hours of the time Hanson drove his vehicle. Thus, the State proceeded solely on the alternative that defendant was under the influence of alcohol. The district magistrate judge found Hanson guilty of driving under the influence of alcohol to a degree that rendered him incapable of safely driving a vehicle, in violation of K.S.A. 8-1567(a)(3).

Hanson filed a motion to arrest judgment on the ground that the complaint was jurisdictionally defective for failing to charge that he was under the influence of alcohol *to a degree that rendered him incapable of safely driving a vehicle*. The district magistrate judge denied the motion. Hanson appealed to a district judge. The district judge reversed the district magistrate judge's decision on

the motion to arrest judgment, granting it on the ground that the complaint failed to allege an essential element of the crime—that the influence of alcohol was to a degree that rendered him incapable of safely driving a vehicle. The district judge dismissed the case without prejudice.

The State filed a second complaint against Hanson. It differed from the first complaint in that it charged no alcohol concentration alternative and it included all essential elements of the driving under the influence alternative. It states:

"That on or about April 7, 2002, the above named defendant, within the named County in the State of Kansas, then and there being, did then and there contrary to the statutes of the State of Kansas unlawfully . . . operated or attempted to operate a motor vehicle while under the influence of alcohol to a degree that rendered him incapable of safely driving a vehicle, contrary to K.S.A. 8-1567(a)(3)."

Hanson filed a motion to dismiss on the ground that the second prosecution would constitute double jeopardy. The district judge denied the motion on the ground that the district magistrate judge never had jurisdiction of the first prosecution. The district judge reasoned that double jeopardy is not a bar to a second criminal prosecution based on the same criminal act that resulted in a previous conviction when the judgment entered on the previous conviction has been arrested because the district court (the district magistrate judge presiding) lacked jurisdiction. The district judge held the prosecution of Hanson on the refiled charge was not for a different crime and consequently was not barred. The parties stipulated to the evidence presented in the first trial, and the district judge found Hanson guilty of driving under the influence of alcohol to the extent he was incapable of safely driving a vehicle. The district judge sentenced him to 12 months' supervised probation after serving 5 consecutive days in the county jail.

Hanson appealed. The Court of Appeals in a split decision affirmed his conviction. The majority found that K.S.A. 21-3108(4)(a) and (c) controlled. The statute, which codifies double jeopardy protection, provides:

"(4) A prosecution is not barred under this section:

(a) By a former prosecution before a court which lacked jurisdiction over the defendant or the offense; or

. . . .

(c) If subsequent proceedings resulted in the invalidation, setting aside, reversal or vacating of the conviction, unless the defendant was adjudged not guilty."

The majority reasoned that the first prosecution was held in a court that lacked jurisdiction over the charge so that the subsequent prosecution was not barred. With regard to Hanson's claim that he had been acquitted of the 8-1567(a)(1) and (2) alternative methods of committing the DUI offense, the majority reasoned that the alternative methods had been dismissed by the State, as allowed by 8-1567(p) so that the case was submitted to the court only under 8-1567(a)(3). Thus, the majority rejected Hanson's characterization of the dismissals as acquittals. The dissenting judge reasoned that, because only a part of the first complaint was defective, the court in which the first prosecution was held had jurisdiction over the nondefective alcohol concentration alternative methods of committing the DUI offense and that jeopardy had attached. Thus, the dissenting judge would find that Hanson's subsequent prosecution was barred.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10 of the Kansas Constitution Bill of Rights protect against a second prosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense. *State v. Gulledge*, 257 Kan. 915, 920, 896 P.2d 378 (1995). As noted above, K.S.A. 21-3108 codifies this double jeopardy protection.

Review of whether the district court in convicting Hanson of DUI violated his rights under the Double Jeopardy Clause is a question of law over which this court has unlimited jurisdiction. See *City of Salina v. Amador*, 279 Kan. 266, 106 P.3d 1139 (2005).

In Hanson's view of the first prosecution, the State's presenting evidence but then not proceeding on the alcohol concentration alternatives amounted to acquittals on those alternatives. The Court of Appeals' majority cited K.S.A. 8-1567(p) in rejecting defendant's position. The statute provides: "The alternatives set out in subsections (a)(1), (a)(2) and (a)(3) may be pleaded in the alter-

native, and the state, city or county, but shall not be required to, may elect one or two of the three prior to submission of the case to the fact finder." Thus, the State's election was statutorily authorized, and by including the alcohol concentration alternatives in the complaint and presenting evidence on them, it did not constitute acquittals when the State submitted the case only on (a)(3).

In the dissenting judge's reasoning, it did not matter whether defendant was acquitted of the alternative methods of committing the DUI offense. The dissenting judge would have found that the district magistrate judge exercised jurisdiction over the case in hearing evidence of the alternative methods and that exercise of jurisdiction barred the subsequent prosecution.

Neither the majority nor the dissenting opinions considered the effect of Hanson's appeal to the district judge or the application of K.S.A. 2001 Supp. 22-3609a, which governs appeals from district magistrate judges. The statute provides in part:

"(1) A defendant shall have the right to appeal from any judgment of a district magistrate judge. . . . The appeal shall stay all further proceedings upon the judgment appealed from.

. . . .

"(3) . . . The case shall be tried de novo before the assigned district judge."

In *Amador*, the court considered whether defendant's double jeopardy rights were violated by a subsequent prosecution of the same charges in municipal court following the district court's dismissal of his appeal without prejudice. Amador was convicted in municipal court of battery and criminal damage to property. He appealed his convictions to the district court, which dismissed the appeal without prejudice. The City refiled the charges in municipal court, and Amador was convicted again. When he appealed the convictions, the district court dismissed all charges on the basis of double jeopardy. The Court of Appeals reversed, *City of Salina v. Amador*, 32 Kan. App. 2d 548, 85 P.3d 724 (2004), and this court affirmed the Court of Appeals.

The court first considered whether Amador's appeal of his municipal court convictions to the district court vacated his municipal court convictions and concluded that it did. Cases involving appeals

from district magistrate judges to district judges were among those judged by the court to be persuasive:

"In *State v. Burkett*, 231 Kan. 686, 687, 648 P.2d 716 (1982), this court considered whether the State could refile a felony charge in the de novo appeal proceeding to the district court that it had agreed to dismiss through plea bargaining in the proceedings before the magistrate judge. In ultimately concluding that the State was not precluded from asserting the original charges, we reasoned in part:

'The quoted statute, K.S.A. 22-3609a [providing for an appeal from a judgment of a magistrate judge], gives defendant this privilege as a matter of right. The effect of the appeal is to stay all further proceedings before the district magistrate judge. The case is to be tried de novo before the district judge or an associate district judge. The pleas entered before the district magistrate judge are automatically vacated; otherwise there would be no reason for a trial. The proceedings start afresh; arraignment must be held; new pleas must be entered; a jury may be demanded; and if conviction results, the judge must direct the disposition, whether by fine, sentence, suspension of sentence, probation or otherwise. *The plea, conviction and disposition had before the district magistrate judge are subject to automatic vacation by the appeal; none remain.'* (Emphasis added.) 231 Kan. at 690.

"In *State v. Rose*, 29 Kan. App. 2d 355, 28 P.3d 431, *rev. denied* 272 Kan. 1422 (2001), the magistrate judge suppressed the defendant's breath alcohol test at the hearing on his driving under the influence charge, and the State did not appeal this ruling. Nevertheless, the defendant was convicted and appealed his convictions to the district court. In a trial de novo, the district court admitted the results of the breath alcohol test and the defendant was again convicted. The defendant appealed, arguing that the State was bound by the magistrate's suppression order because it did not appeal the ruling pursuant to K.S.A. 2000 Supp. 22-3602 and K.S.A. 22-3603.

"The Court of Appeals found that the right of appeal granted the prosecution under these statutes would be an important right if the suppressed evidence were essential to the case, however, when the evidence was not crucial, the prosecution could elect to proceed to trial without the evidence. The court reasoned that the fact 'the State could have taken an interlocutory appeal from the suppression order of the magistrate judge is of no consequence under the facts of this case.' 29 Kan. App. 2d at 359. The court found the appeal 'automatically vacated all orders entered by the magistrate judge,' and the district court had to determine both the facts and the law in a de novo trial. 29 Kan. App. 2d at 360.

"*Burkett* and *Rose* are obviously distinguishable from this case in that they dealt with what is now K.S.A. 2003 Supp. 22-3609a, appeals from proceedings before a magistrate judge, and this case deals with K.S.A. 2003 Supp. 22-3609, appeals from the municipal court. However, we have deemed the reasoning in *Burkett* regarding whether arraignment is necessary on appeal from the magistrate judge

to be 'instructive' in considering whether arraignment was necessary upon appeal from a municipal court conviction. See *City of Wichita v. Maddox*, 271 Kan. 445, 452, 24 P.3d 71 (2001); see also *City of Halstead v. Mayfield*, 19 Kan. App. 2d 186, 865 P.2d 222 (1993) (applying rationale used in determining when a judgment is appealable from magistrate judge to appeals from municipal court).

"Further support for this conclusion is found in *State v. Legero*, 278 Kan. 109, 91 P.3d 1216 (2004), in which the majority concluded that a probation revocation order made by a magistrate judge was not appealable to the district court under K.S.A. 2003 Supp. 22-3609a. In so finding, it cited with approval a Court of Appeals case which had found that an appeal to the district court from a municipal court order revoking probation was not authorized under K.S.A. 2003 Supp. 22-3609(1). Relevant to this case, we discussed the effect of appeals under both statutes:

'The appeal 22-3609a affords a defendant from a judgment does not operate as a review of the propriety of any judicial determination. Rather, the case is transferred to the district court where it will be tried de novo and guilt or innocence determined anew in the district court. On appeal, the case becomes a district court case as if filed there originally. The proceedings in the magistrate court have no bearing on the case as it comes before the district court. *Unless the appeal is dismissed, the proceedings held in the magistrate court leave no footprint.*

'This procedure set forth in K.S.A. 2003 Supp. 22-3609a is virtually identical to the appeal afforded to a defendant who has been convicted in municipal court. . . .

. . . .

'The difference in the wording of K.S.A. 2003 Supp. 22-3609, "from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas," and the "any judgment" language of 22-3609a applicable herein was held to be a distinction without a difference in *State v. Remlinger*, 266 Kan. [103, 107, 968 P.2d 671 (1988)]. The procedures set forth in both statutes are virtual mirror images of each other. There is no appellate review of any prior order or judgment. For all practical purposes, the prosecution starts over.' (Emphasis added.) 278 Kan. at 114.

"While the dissenting opinion disagreed regarding the right to an appeal under K.S.A. 2003 Supp. 22-3609a, it did not take issue with the practical effect of what happens when convictions are appealed to district court for a trial de novo under two similar statutes. Thus, *Legero* provides further support for the use of cases concerning K.S.A. 2003 Supp. 22-3609a as persuasive authority in this case." 279 Kan. at 270-72.

In *Amador*, the court also looked at a case involving the historical appeal process from a justice of the peace to the district court:

"In *State v. Curtis*, 29 Kan. 384 (1883), the defendant appealed his misdemeanor conviction before a justice of the peace to the district court for trial. In the district court, instead of asking leave to file an amended complaint, the State filed an information for the same offense and moved to dismiss the original appeal. The defendant argued that compelling him to go to trial on the second information, which was filed when a conviction for the same offense already existed, placed him in jeopardy for a second time. This court rejected that argument, reasoning in relevant part:

> 'It is insisted that the appeal from the judgment of the justice did not vacate such judgment, but only suspended it, and the case of *State v. Volmer*, 6 Kan. *379, is cited. But there is this difference between that case and the one at bar: there the appeal was from the district court to this [court] for review, and here from the justice to the district court for trial. Yet even in that case it was held that the appeal suspended the judgment for all purposes. *A fortiori*, the appeal in this case was equally potent. Further, while doubtless the appellant may dismiss his appeal, and thus reinstate and make final the judgment against him, yet *the appeal conditionally vacates the judgment*. [Citations omitted.] *There is after the perfecting of the appeal only a pending prosecution. The case stands in the district court for trial as an original prosecution there. The state may dismiss the prosecution, and then there is no judgment or case in any court.*' (Emphasis added.) 29 Kan. at 386." 279 Kan. at 273.

## The *Amador* court found

"the *Curtis* court's characterization of the appeal as conditionally vacating the judgment the best description of the effect of appealing a municipal court conviction to the district court. This is because the defendant's voluntary dismissal of the appeal to the district court results in the reinstatement of the municipal court judgment. As an appeal from a municipal court conviction calls for a trial de novo, the appealed conviction before the municipal court must be conditionally vacated. If the defendant does not dismiss his or her appeal, and the case is dismissed by the district court with or without prejudice, or the case is actually heard de novo before the district court, the municipal court conviction appealed from is vacated.

"In this case, the defendant did not dismiss his first appeal and the district court dismissed the case without prejudice prior to the commencement of a trial de novo. The phrase 'without prejudice' generally means ' " 'there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as though no suit had ever been brought.' " ' *State v. Heigele*, 14 Kan. App. 2d 286, 288, 789 P.2d 218 (1990). The defendant's and the district court's actions thus had the effect of wiping the slate clean of the judgment in municipal court . . . . We conclude that the appeal for trial de novo under K.S.A. 2003 Supp. 22-3609a, which was not dismissed by the defendant, coupled with the district court's dismissal of the case without prejudice, had the effect of vacating the municipal court conviction." 279 Kan. at 274.

In the present case, Hanson was convicted by the district magistrate judge. He appealed to a district judge and filed a motion to arrest the district magistrate judge's judgment of conviction. The district judge granted Hanson's motion and dismissed the appeal without prejudice. Hanson contends that the State was barred from refiling the DUI charge. As in *Amador*, however, Hanson and the district court's actions had the effect of wiping the slate clean of the judgment in municipal court.

In *Amador*, in addition to the effect of the appeal to district court, the court considered and rejected defendant's argument that jeopardy attached after his first municipal court conviction. 279 Kan. at 275-77. In the present case as well, the dissenting Court of Appeals judge and the defendant believe that jeopardy attached during the first district magistrate judge prosecution, thus prohibiting a second prosecution on the same charge before the district judge. In *Amador*, the defendant relied primarily on *City of Bonner Springs v. Bey*, 236 Kan. 661, 694 P.2d 477 (1985), and *State v. Derusseau*, 25 Kan. App. 2d 544, 966 P.2d 694 (1998). The court engaged in the following discussion of those cases:

"In *City of Bonner Springs*, the defendant appealed his municipal court conviction and the district court dismissed the action because the City failed to introduce evidence that the defendant had been notified of an outstanding warrant. On appeal by the City on a question reserved, this court found that although the district court erred in dismissing the case, jeopardy had attached pursuant to K.S.A. 21-3108 (Ensley 1981) and further proceedings against the defendant were barred by double jeopardy. This was because the de novo case on appeal had commenced. See also *City of Liberal v. Witherspoon*, 28 Kan. App. 2d 649, 654, 20 P.3d 727 (2001) (double jeopardy prevented remand of case even though district court erroneously dismissed the case on appeal from municipal court for failure to present a prima facie case).

"Likewise in *Derusseau*, the defendant was charged with driving under the influence and attempting to elude a police officer. He was convicted of only the DUI charge and acquitted of the eluding charge following a municipal court trial. The defendant appealed the DUI conviction and the district court required him to stand trial on both charges. Upon conviction of both charges, the defendant appealed the eluding conviction, claiming it violated his double jeopardy rights. The Court of Appeals held that constitutional and statutory prohibitions against double jeopardy precluded retrial on the eluding charge upon appeal for trial de novo on the DUI charge. 25 Kan. App. 2d at 544-51.

"As noted by the Court of Appeals, *City of Bonner Springs* is distinguishable from this case because no evidence was presented at the district court level in the present case and the de novo trial in the district court had not commenced. See *State v. Beerbower*, 262 Kan. 248, Syl. ¶ 4, 936 P.2d 248 (1997) (defendant is not in jeopardy in a case tried to the court until the court begins to hear evidence). The district court dismissed this case without prejudice prior to any evidence being heard or witnesses being sworn.

"Although *Derusseau* demonstrates that jeopardy can attach in municipal court, the distinguishing factor is that the defendant in *Derusseau* was acquitted of the charge in municipal court, while the defendant in this case was convicted of the charges in municipal court. The defendant in this case is not undergoing a second prosecution for the same offense after a conviction, because the appeal and dismissal without prejudice had the effect of vacating the municipal court conviction.

"We additionally note that the United States Supreme Court has found that a defendant who chose to be tried de novo under Massachusetts' two-tiered system for trying minor crimes could be prosecuted a second time. The Court drew comparisons to a convicted defendant who successfully appealed and had his or her conviction reversed and remanded for new trial. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 304-05, 80 L. Ed. 2d 311, 104 S. Ct. 1805 (1984).

"Although this case is one step removed from *Lydon* because the City chose to prosecute the case again in municipal court after the dismissal, its reasoning can be carried through to the facts of this case. If the City was free to prosecute the defendant again in a trial de novo in district court under *Lydon*, it follows that a second prosecution in municipal court after a dismissal of the appeal by the district court without prejudice would not violate double jeopardy. A second prosecution at the district court level carries a much heavier consequence for a defendant who would not have the benefit of a de novo review on appeal, while the defendant in this case was still entitled to a de novo appeal after a second conviction in municipal court.

"The defendant's municipal court conviction in this case was stayed by his appeal to the district court. The district court's dismissal of the appeal without prejudice vacated all proceedings in the municipal court. Since the dismissal by the district court was made prior to the court hearing any evidence or swearing any witnesses, jeopardy did not attach at the district court level. Thus, the defendant may be prosecuted again on the same charges in the municipal court without violating double jeopardy." 279 Kan. at 275-77.

Our holding in *Amador* is controlling in the present case. Hanson's appeal from the magistrate court conviction mandates a trial de novo in the district court, and the appealed conviction in the magistrate court must be conditionally vacated. Then when the district court dismissed Hanson's appeal without prejudice, the magistrate court conviction was vacated, and it "leaves no foot-

print" in the magistrate court. Simply stated, prosecution starts over, and jeopardy does not attach. Thus, the State in refiling and prosecuting Hanson on the same charge in the district court did not violate his double jeopardy rights under the Fifth Amendment to the United States Constitution and Section 10 of the Kansas Constitution Bill of Rights.

The judgment of the Court of Appeals and the district court are affirmed.

LOCKETT, J., Retired, assigned.