NOT DESIGNATED FOR PUBLICATION

No. 121,965

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN J. DUNCAN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cherokee District Court; OLIVER KENT LYNCH, judge. Opinion filed October 30, 2020. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and WALKER, S.J.

PER CURIAM: Kevin J. Duncan appeals the dismissal of his motion to correct an illegal sentence. He contends he pled twice to the same crime. He was pursued by police through two counties and both counties later charged and convicted him of fleeing and eluding law enforcement. He contends that the second conviction violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The State responds that Duncan cannot bring this type of claim in a motion to correct an illegal sentence and that he waived the claim by pleading no contest. We agree with the State and affirm the district court's dismissal of his motion.

FACTS

In May 2016, Duncan led police on a high-speed chase beginning in Cherokee County and ending in Crawford County. The officers who began chasing Duncan in Cherokee County stopped pursuit when Duncan crossed the Crawford County line and Crawford County officers picked up the pursuit. He was first arrested and charged in Crawford County. On April 26, 2017, he pled guilty to one count of aggravated assault on a law enforcement officer and one count of fleeing and eluding law enforcement in Crawford County. In July 2017, the Crawford County District Court sentenced him to prison.

One day prior to his guilty plea in Crawford County, Duncan was charged in Cherokee County with one count of aggravated assault on a law enforcement officer, nine counts of aggravated assault, two counts of criminal threat, four counts of aggravated child endangerment, and one count of fleeing and eluding law enforcement.

In October 2017, he pled no contest in Cherokee County to one count of aggravated assault and one count of fleeing and eluding. In exchange, the State dismissed the remaining 15 counts. The Cherokee County District Court sentenced him to 38 months in prison to run consecutive to the Crawford County sentence.

Duncan later filed a motion to correct an illegal sentence under K.S.A. 22-3504, arguing that the Cherokee County District Court lacked jurisdiction to convict him because the events in this case were identical to those for which he was convicted in Crawford County District Court, in violation of the Double Jeopardy Clause. The district court summarily denied the motion because the assault charges in each county had different victims and Duncan fled from different law enforcement officers. The district court found they were different crimes committed in two different counties, not one crime committed across two counties.

2

Duncan timely appeals.

ANALYSIS

On appeal, Duncan focuses on his fleeing and eluding convictions in the two counties. He argues his fleeing and eluding through both counties was an ongoing offense and that he could have been prosecuted in either Crawford or Cherokee County, but not both. He cites venue statutes and the Double Jeopardy Clause. He argues that even though it spanned multiple counties, there was a single police pursuit and therefore his prosecution in both counties was a violation of the Double Jeopardy Clause.

The State does not directly respond to Duncan's double jeopardy claim; rather the State argues that Duncan cannot properly raise this issue in a motion to correct a sentence and that he waived any double jeopardy violation when he pled no contest. The State contends that double jeopardy is not a jurisdictional bar.

The State's asserted barriers to Duncan's claim are not the same ones on which the district court based its decision. However, if a district court reaches the correct result, its decision can be upheld even though it relied on the wrong ground or assigned erroneous reasons for its decision. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

The illegal sentence statute has limited application. For a sentence to be "illegal" under K.S.A. 22-3504 it must (1) have been imposed by a court without jurisdiction; (2) not conform to the applicable statutory provisions, either in character or punishment; or (3) be ambiguous with respect to the time and manner in which it is to be served. K.S.A. 2019 Supp. 22-3504(c)(1). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which this court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

3

An accused person who pleads guilty or no contest waives the right to appeal his or her conviction. A guilty or no contest plea generally waives "all nonjurisdictional defects" including claims that the accused's constitutional rights were violated. *State v. Reu-El*, 306 Kan. 460, 474-75, 394 P.3d 884 (2017); see K.S.A. 2019 Supp. 22-3208(4); K.S.A. 2019 Supp. 22-3602(a).

Assuming Duncan is correct that his fleeing and eluding through both counties constituted the same crime, the issue here is whether Cherokee County had jurisdiction to prosecute Duncan after he was convicted in Crawford County. If Cherokee County did not have jurisdiction to prosecute Duncan, then his claim was properly brought in a motion to correct an illegal sentence and it would not matter that he pled no contest to the crime.

Jurisdiction is acquired in a criminal case upon the filing of a complaint, indictment, or information. *State v. Edwards*, 281 Kan. 1334, 1338, 135 P.3d 1251 (2006). Venue is jurisdictional. *State v. Castleberry*, 48 Kan. App. 2d 469, 474, 293 P.3d 757 (2013). Prosecution of a crime in Kansas is in the county where the crime was committed. K.S.A. 22-2602. When "two or more acts are requisite to the commission of any crime and such acts occur in different counties the prosecution may be in any county in which any of such acts occur." K.S.A. 22-2603. If a crime is committed in a vehicle and it cannot readily be determined in which county the crime was committed, prosecution may be in any county through which such vehicle passed or in which such travel commenced or terminated. K.S.A. 22-2608. Under these statutes, venue was proper in Cherokee and Crawford Counties. Both counties had jurisdiction to prosecute Duncan. Jurisdiction was acquired in both counties when the complaints were filed.

The Double Jeopardy Clause protects individuals from a second prosecution for the same offense after conviction and from multiple punishments for the same offense. *Edwards*, 281 Kan. at 1338. Once a guilty or no contest plea has been accepted by the

court, the accused has been placed in jeopardy. *State v. Fisher*, 233 Kan. 29, 34, 661 P.2d 791 (1983). Kansas has codified the constitutional protection against double jeopardy in K.S.A. 2019 Supp. 21-5110. A prosecution of a defendant is barred if the defendant was formerly prosecuted for the same crime, based upon the same facts, if such former prosecution resulted in a conviction. *State v. Hanson*, 280 Kan. 709, 711, 124 P.3d 486 (2005).

Citing *United States v. Broce*, 488 U.S. 563, 569-76, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989), our Supreme Court has held a defendant generally waives a double jeopardy challenge by pleading guilty or no contest. *Noyce v. State*, 310 Kan. 394, 401-02, 447 P.3d 355 (2019). The court has further reasoned that because a guilty plea waives claims of double jeopardy, double jeopardy is not a jurisdictional defect and a double jeopardy violation is in turn not an illegal sentence. *Edwards*, 281 Kan. at 1341.

In *Broce*, the defendants were charged with conspiracy in two separate indictments. The first indictment charged the defendants with entering into an agreement in April 1978 to rig bids on a particular highway project. The second indictment charged the defendants with entering into a similar agreement in July 1979 to rig bids on a different project. The defendants pled guilty to both. Later, the defendants filed a motion to vacate their sentences arguing that the bid-rigging scheme was a single conspiracy. The Court held that when the defendants pled guilty to two charges of conspiracy on the explicit premise of two separate agreements, they conceded guilt to two separate offenses and thereby waived their entitlement to attempt to show the existence of only one conspiracy. 488 U.S. at 571. The Court held the defendants' double jeopardy challenge was foreclosed by their guilty pleas. 488 U.S. at 565. But the Court noted there were exceptions to the general rule that a guilty plea results in the waiver of a double jeopardy claim. 488 U.S. at 574-75.

One of those exceptions is that a guilty plea will not necessarily result in a waiver of a double jeopardy claim when the charge, judged on its face, is one which the State may not constitutionally prosecute. *In re Application of Coulter*, 18 Kan. App. 2d 795, 798-99, 860 P.2d 51 (1993) (citing *Menna v. New York*, 423 U.S. 61, 63 n.2, 96 S. Ct. 241, 46 L. Ed. 2d 195 [1975]). In *Menna*, the indictment was facially duplicative of an earlier offense of which the defendant had been convicted and sentenced. See *Broce*, 488 U.S. at 575-76. If a double jeopardy violation is apparent on the face of the indictment or the record existing at the time the plea was entered, it is not necessarily waived. *Thomas v. Kerby*, 44 F.3d 884, 888 (10th Cir. 1995). In *Broce*, this exception did not apply because the defendants had pleaded guilty to indictments that on their face described separate conspiracies. 488 U.S. at 576. The defendants could not prove their claim "by relying on those indictments and the existing record. Indeed, as noted earlier, they cannot prove their claim without contradicting those indictments, and that opportunity is foreclosed by the admissions inherent in their guilty pleas." 488 U.S. at 576.

Here, a parallel to *Broce* can be made. Looking only at the face of the complaint it is not apparent whether there was a single pursuit or two separate pursuits. But *Broce* and *Menna* can also be distinguished because the factual basis given at the plea hearing here did imply a single pursuit. The prosecutor said, "[T]he pursuit crossed into Crawford County." However, Duncan does not attempt to make this argument or distinguish any of the numerous cases we have noted. He did not reply to the State's brief at all. And an issue not briefed is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). He has not shown that the general rule—precluding a double jeopardy claim after a no contest plea—should be abandoned here. And in turn he has not shown that his sentence is illegal within the meaning of K.S.A. 2019 Supp. 22-3504(c)(1). Jurisdiction was acquired in both counties upon the filing of the complaints. See *Trotter v. State*, 288 Kan. 112, 126-27, 200 P.3d 1236 (2009).

Moreover, the *Noyce* court disapproved of the defendants remaining quiet about double jeopardy concerns in the district court and then raising the issue on appeal to obtain a more lenient sentence when, had the issue been raised before the district court, the State could have withdrawn or amended its plea offer. 310 Kan. at 405-06. Here, the State dismissed 15 counts in exchange for Duncan's plea to two counts. If Duncan had made a timely complaint about double jeopardy in Cherokee County, the State could have simply chosen a different charge for its plea offer.

In short, Duncan has not demonstrated he is entitled to the relief he seeks through a motion to correct an illegal sentence.

Affirmed.