NOT DESIGNATED FOR PUBLICATION

No. 123,691

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GEORGE RIOLO III,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Opinion filed September 17, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: George Riolo III appeals the district court's denial of his motion to correct an illegal sentence. We granted Riolo's motion for summary disposition instead of briefs under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State responded that summary disposition was appropriate but that Kansas statutes and caselaw defeat Riolo's arguments. Finding no error in the district court's denial of Riolo's motion, we affirm.

Riolo pleaded guilty to one count of aggravated indecent liberties with a child in violation of K.S.A. 21-3504(a)(2) and two counts of aggravated indecent solicitation of a child in violation of K.S.A. 21-3511(a). The State dropped the remaining charges. Riolo's

1

plea acknowledgment and plea agreement noted that the "double rule"—the sentencing rule for persistent sex offenders in K.S.A. 21-4704(j)(1)-(2)(A)(ii)—may apply to Riolo's sentence.

Riolo's presentence investigation report included his 1986 Colorado conviction for sexual assault of a child. Riolo objected to his criminal history score and argued that the court should not apply the persistent sex offender rule. Riolo later withdrew his challenge to his criminal history score but not his objection to applying the "persistent sex offender" rule.

As required under the sentencing statute, the district court first found the 1986 Colorado statute prohibiting the sexual assault of a child and the Kansas indecent liberties and aggravated indecent liberties statutes were comparable. The district court then found that because the statutes were comparable, it had to sentence Riolo to double the maximum prison term for each of the crimes he pleaded guilty to in this case.

Before imposing sentence, the district court heard Riolo's motion for a durational departure. Still, the district court denied that motion and imposed the persistent sex offender "double rule," resulting in a controlling term of 172 months' imprisonment.

Riolo appealed, arguing the district court erred in finding the Colorado and Kansas statutes "comparable." But another panel of this court affirmed his sentence. *State v. Riolo*, 50 Kan. App. 2d 351, 357, 330 P.3d 1120 (2014).

About five years later, Riolo filed the motion giving rise to this appeal—a motion to correct an illegal sentence. The substance of Riolo's argument was that the district court illegally applied the persistent sex offender rule to double his sentence because:

- The district court lacked jurisdiction to enhance his sentence without requiring the State to prove the "elements attached to the persistent sex offender statute" beyond a reasonable doubt, as required under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed 2d 435 (2000);
- The persistent sex offender statute is unconstitutional because no elements supported the illusionary facts that can constitutionally breathe life into it; and
- Riolo's sentence violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

The district court summarily denied Riolo's motion and he appealed. We granted Riolo's motion to file an untimely appeal pursuant to Administrative Order 2020-PR-016, effective March 18, 2020, which extended appeals' filing deadlines during the COVID-19 global pandemic.

We review a district court's summary denial of a motion to correct an illegal sentence de novo because we have access to the same motions, records, and files. Like the district court, we must determine whether the documents conclusively show Riolo is not entitled to relief. See *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014). A sentence is illegal when it is imposed by a court without jurisdiction; it does not conform to the applicable statutory provisions, either in character or the term of punishment; or it is ambiguous about the time and manner in which it is to be served. K.S.A. 2020 Supp. 22-3504(c)(1); *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). "Whether a sentence is illegal is a question of law over which this court has unlimited review." *Gilbert*, 299 Kan. at 801.

Each of Riolo's arguments raises a constitutional challenge to the court's application of the "double rule" for persistent sex offenders. But the Kansas Supreme Court has consistently held that a defendant may not use a motion to correct an illegal sentence to raise constitutional issues. See *State v. Lee*, 304 Kan. 416, 418, 372 P.3d 415

3

(2016) ("[A] motion to correct an illegal sentence cannot be used to attack the constitutionality of a sentencing statute."); *State v. Moncla*, 301 Kan. 549, 552-54, 343 P.3d 1161 (2015). This alone compels us to affirm the district court's denial of his motion. But Riolo's three claims also fail for independent reasons that we briefly address below.

First, Riolo argues that under *Apprendi*, the district court should have required the State to prove the applicability of the persistent sex offender statute to a jury beyond a reasonable doubt. But our courts have consistently held that the district court's finding and use of prior criminal history does not violate the defendant's constitutional rights under *Apprendi*. *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). See *State v. Williams*, 299 Kan. 911, 941, 329 P.3d 400 (2014); *State v. Baker*, 297 Kan. 482, 485, 301 P.3d 706 (2013).

Second, Riolo argues that the persistent sex offender rule is unconstitutional "because there are no elements to support the illusionary facts that can constitutionally breathe life into it." This mimics the *Apprendi* argument above—that the sentencing statute is missing "elements" that the State must prove to a jury beyond a reasonable doubt to increase his sentence. Again, the *Ivory* line of cases refutes this. See also *State v. Albano*, 313 Kan. 638, Syl. ¶ 4, 485 P.3d 649 (2021) ("Section 5 of the Kansas Constitution Bill of Rights does not guarantee defendants the right to have a jury determine the existence of sentence-enhancing prior convictions under the revised Kansas Sentencing Guidelines Act.").

Third, Riolo argues that his sentence violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. But a defendant waives a double jeopardy challenge by pleading guilty, as Riolo did here. See *Noyce v. State*, 310 Kan. 394, 401-02, 447 P.3d 355 (2019). And for a defendant to be placed in "double jeopardy," the State must twice charge the defendant for a crime involving the same set of facts for

which the defendant has already been convicted. See *State v. Hanson*, 280 Kan. 709, 711-12, 124 P.3d 486 (2005). Riolo's 1986 Colorado conviction stems from events that happened sometime before August 5, 1986, but his current case stems from events in late 2007, early 2008, and late 2009.

Because Riolo cannot raise the constitutionality of his sentence through a motion to correct an illegal sentence, we find that the motions, records, and files conclusively show Riolo is not entitled to relief. See *Gilbert*, 299 Kan. at 801. Thus, the district court did not err in denying Riolo's motion.

Affirmed.